**UNITED STATES of America,**
**Appellee,**

v.

**Gene Anthony HOCHEVAR, and Gary**
**Neil Cotten, Defendants–**
**Appellants.**

Nos. 00–1289, 00–1563.

United States Court of Appeals,
Second Circuit.

March 16, 2001.

John W. Coyle, III, Coyle, McCoy & Burton, Oklahoma City, OK, Gary L. Richardson, Richardson, Stoops, Richardson & Ward, Tulsa, OK, for appellants.

David C. Esseks, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present MESKILL, PARKER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendants-appellants, Gene Anthony Hochevar and Gary Neil Cotten ("Hochevar" and "Cotten"), appeal from judgments of conviction entered on April 25, 2000 and August 2, 2000, respectively, in the United States District Court for the Southern District of New York (Richard Owen, *Judge*), following a two-week jury trial.

The indictment in this case was filed on April 16, 1998, in seven counts. Count One charged the defendants with conspiracy to commit securities fraud, wire fraud, and commercial bribery, in violation of 18 U.S.C. § 371. Count Two charged both defendants with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b–5. Hochevar was charged in Counts Three and Six, and Cotten was charged in Counts Three, Four, and Five, with wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2. Count Seven charged both defendants with violating the Travel Act, in violation of 18 U.S.C. §§ 1952(a)(3) and 2. On November 11, 1999, Hochevar and Cotten were convicted on all charges except Count Seven.

The charges against Hochevar and Cotten arise out of a sting operation conducted by the FBI and its undercover agent, Joseph Yastremski (a/k/a "Jeff Nolan"). Hochevar and Cotten struck a deal with Nolan under the terms of which Nolan would attempt to cause 250,000 shares of CGI Holdings stock to be purchased. In exchange for causing these shares to be purchased by his clients, Nolan was to receive a payment of 30,000 shares of CGI stock from Hochevar and Cotten. The existence of this payment to Nolan was to be kept confidential. Hochevar and Cotten sought to boost the price of CGI Holdings stock above five dollars per share. Although the defendants claimed that their goal was not to "pump and dump" the stock, the trial judge and the jury did not accept the defendants claim that they were attempting to build the value of CGI stock over the long term.

On appeal, the defendants (1) challenge the sufficiency of the evidence with respect to all of their convictions, (2) claim that the government deprived them of their constitutional right to "fair warning" by using deliberate ambiguity as to whether an FBI undercover agent was a stockbroker, (3) argue that the district court committed plain error by failing to provide the jury with written instructions during their deliberations, and (4) indicate that the district court erred in its loss estimate under U.S.S.G. § 2F1.1. We reject all of appellants arguments.

An appellant who challenges the sufficiency of the evidence bears a heavy burden. *See United States v. Walker,* 142 F.3d 103, 112 (2d Cir.), *cert. denied,* 525 U.S. 896, 119 S.Ct. 219, 142 L.Ed.2d 181 (1998). This Court views the evidence, whether direct or circumstantial, in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). There is sufficient evidence to uphold a conviction if "*any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We hold that the evidence presented to the jury was sufficient to establish the essential elements of Counts One through Six beyond a reasonable doubt.

■ Defendants claim that their due process right to "fair warning" was violated by Nolan's choice to be deliberately ambiguous about his role as a stockbroker. In *United States v. Myers,* 692 F.2d 823 (2d Cir.1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983), this Court rejected a claim that allegedly ambiguous conduct by the government violated the defendants' due process rights, while explaining that "[p]erhaps at some point deliberate governmental efforts to render ambiguous events over which agents can exercise considerable control would transgress due process limits of fundamental fairness." *Id.* at 843. Because the evidence supports a finding that the defendants knew that Nolan was carrying out the business of a "broker," the defendants' fair warning argument fails. Moreover, the fact that the defendants were willing to place stock in an account under a name other than Nolan's could lead a reasonable jury to conclude that the defendants were aware that making such a payment was illegal, whether Nolan was a "broker" or some other type of financial advisor.

■ Judge Owen's decision not to provide the jury with written copies of his legal instructions would ordinarily be reviewed for an abuse of discretion. *See United States v. Russo,* 110 F.3d 948, 953–54 (2d Cir.1997). However, because the defendants made no objection below to the lack of written jury instructions, the judge's decision not to provide written jury instructions is reviewed for plain error. *See*

*United States v. Delano,* 55 F.3d 720, 732 (2d Cir.1995). Defendants argue that this Court should make a finding of plain error with regard to the lack of written jury instructions because (1) the district court was biased against the defendants, (2) the legal issues in the case were complex, (3) the jury instructions were 70 pages long, and (4) the jury appeared confused during its deliberations. We reject these arguments and find no plain error committed by the district court. Judge Owen did not exhibit bias against the defendants, the legal issues and jury instructions were not abnormally complex or long, and any jury confusion that may have existed was resolved.

■ With respect to the district court's calculation of "loss" at sentencing, this Court reviews the district court's factual findings on loss for clear error and its conclusions about the meaning of the term "loss" de novo. *See United States v. Jacobs,* 117 F.3d 82, 95 (2d Cir.1997), *United States v. Mucciante,* 21 F.3d 1228, 1237 (2d Cir.1994). The district court is not required to calculate the loss with precision but rather "need only make a reasonable estimate of the loss, given the available information." *Jacobs* 117 F.3d at 95 (internal quotation marks omitted). With respect to both defendants, we hold that Judge Owen's findings are sufficient for appellate review and that he made a "reasonable estimate of the loss, given the available information." *Id.*

For the reasons set forth above, the judgment of the district court is AFFIRMED.